UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

QINARD LAMAR COLLINS,

      Petitioner,

v.                           CASE NO.  3:14-cv-47-J-32PDB

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

      Respondents.

_____/

<u>RESPONSE TO PETITION</u>

      Respondents, Secretary Department of Corrections, et al., by and through the undersigned counsel, pursuant to Rules 3.01 and 4.14, Rules of the United States District Court for the Middle District of Florida, and Rules 4, 5 and 11, Rules Governing Section 2254 Cases in the United States District Courts, in response to the instant petition for writ of habeas corpus, filed on or about January 13, 2014, and in response to this court's order to respond rendered February 26, 2014, request this honorable court to deny all relief for the reasons set forth below.

**<u>PROCEDURAL AND FACTUAL STATEMENT</u>**

      After the April 2, 2001, death of his own child who was less than a year old, Petitioner was charged by indictment with one count of aggravated child abuse and one count of first degree

murder.   (App. A)[1]  The State filed its Notice of Intent to Seek the Death Penalty.   (App. B)   On August 8, 2003, Petitioner entered a negotiated plea of *nolo contendere* to second degree murder.   (App. F, I) The State and the defense agreed to a sentence between twenty and thirty years.   (App. I3) As part of the plea colloquy, Petitioner was advised that he was giving up his right to appeal the question of whether he committed the crime.  (App. I7)

On October 10, 2003, Petitioner appeared for sentencing. (App. J) The child's mother testified at sentencing that she had previously witnessed Petitioner restrain the baby's hands by taping them to his car-seat so that the baby would not pull out a chest tube.[2] (App. J20-21)   She had also witnessed Petitioner crush a puppy's skull with a hammer and state, "If your boy don't straighten up and start getting healthy and strong, I'll do his ass too."   (App. J21)   The State read the medical examiner's report into evidence at sentencing.   The report found evidence of multiple abusive injuries over varying periods of time.   (App. J26) There were bite marks on the baby's cheeks and elbow, scabbed abrasions on the nose, ears, legs and back,

_____

[1](App. ) refers to the appendix filed under separate cover.

[2]The baby was born prematurely and had several medical issues.

bruising on the gums and lips, and also a linear area of recent bruising over the buttocks consistent with some type of blunt trauma. (App. J26-27) Internally, there was bruising to the underneath of the scalp in at least eight places, massive swelling of the brain and hemorrhage into the membranes covering the brain as well as external bleeding into the optic nerve sheath. (App. J27) In addition to finding Shaken Baby Syndrome, the medical examiner also found Battered Child Syndrome due to the bruising and abrasions which were both recent and several days old. (App. J27-28) In final argument, the defense stated they were not disputing what occurred, only that it was not intentional. (App. J29)

Petitioner was sentenced to thirty years Department of Corrections. (App. G, J30-31) Petitioner appealed to the Florida Fifth District Court of Appeal and was represented by the public defender's office who filed an *Anders*[3] brief on his behalf unable to argue that any reversible error had occurred. (App. K) Without requiring a response from the State, the Florida Fifth District Court of Appeal *per curiam* affirmed on April 27, 2004. (App. L) *Collins v. State*, 873 So. 2d 442 (Fla. 5th DCA 2004). Mandate was issued on May 14, 2004. (App. M)

---

[3] *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

On April 27, 2006, Petitioner filed a Florida Rule of Criminal Procedure 3.850 Motion For Postconviction Relief raising three issues: 1) newly discovered evidence, 2) ineffective assistance of counsel for failure to investigate and advise of defense that a vaccine caused internal injuries commonly ruled to have occurred from child abuse and 3) fundamental error in that the trial court failed to obtain a factual basis for the plea at the plea colloquy. (App. N) The newly discovered evidence alleged in claim one was based on discovering on **April 4, 2004,** by reading medical journals and/or documentaries written by Dr. Harold Buttram which opined that medical vaccinations administered to infants at birth had been linked to causing infant mortality with injuries often mischaracterized as resulting from child abuse. (App. N6A-6B) Petitioner further alleged that, "some of the symptoms identified in Dr. Buttram's medical report that were found to be caused by an adverse vaccine reaction were intracranial and ocular hemorrhage and severe brain swelling. These injuries were of the same type suffered by the victim Qinard Collins Jr. as found by Dr. Terrance Steiner's autopsy." (App. N6-B)

The postconviction motion was summarily denied by order dated May 25, 2006, and was attached with the medical examiner's report. (App. O) The court found no prejudice because the

4

medical examiner's findings were not only based on Shaken Baby Syndrome but also Battered Child Syndrome consisting of both older and more recent evidence of trauma including bruising to the face and abrasions, bruises consistent with bite marks, bruising on lips and gums, scabbed abrasions on the nose and ears and other areas of abrasions and bruising about the body. (App. O3) Petitioner appealed to the Florida Fifth District Court of Appeal which *per curiam* affirmed without requiring a response from the State on September 5, 2006.  (App. P, S) *Collins v. State*, 939 So. 2d 1076 (Fla. 5th DCA 2006).  Mandate was issued on November 1, 2006.  (App. V)

Next, Petitioner filed a second Florida Rule of Criminal Procedure 3.850 Motion for Postconviction Relief on January 5, 2011, which presented three grounds: 1) violation of due process based on newly discovered evidence, 2) ineffective assistance of counsel based on failure to investigate the State's evidence and render competent advice and 3) actual innocence.  (App. W) The motion was summarily dismissed as untimely on January 6, 2012, finding that Petitioner had failed to allege that the medical records he received in May 2009, could not have been ascertained by the exercise of due diligence prior to that time.  (App. BB) The court also found that even if the motion was timely, it had no merit because Petitioner had admitted that his trial counsel

knew about the medical records at the time he entered his plea and that such records existed at the time he entered his plea, therefore, defense counsel could have known of such studies by the use of diligence and Petitioner would not be entitled to a new trial based on newly discovered evidence.  (App. BB2)

Petitioner appealed to the Florida Fifth District Court of Appeal which *per curiam* affirmed on February 12, 2013, without requiring a response from the State.  (App. EE, HH) *Collins v. State*, 108 So. 3d 1107 (Fla. 5th DCA 2013).  Mandate was issued on March 8, 2013.  (App. II)

The instant federal habeas petition was filed on January 13, 2014, raising one issue of actual innocence.   On February 26, 2014, this Court ordered the instant response.

## PRESIDING JUDGE

Neither the United States District Court Judge nor the United States Magistrate Judge assigned to this case have been involved in any of Petitioner's state court proceedings.

## RECORDS

Respondents have included the state records in the appendix mailed under separate cover.

## EVIDENTIARY HEARING

No evidentiary hearing was held on Petitioner's postconviction motion.  He is not entitled to an evidentiary

hearing on the instant federal habeas petition claim. *Smith v. Singletary*, 170 F.3d 1051, 1053-54 (11th Cir. 1999). The pertinent facts of the case are fully developed in the instant record. *Cave v. Singletary*, 971 F.2d 1513, 1516 (11th Cir. 1992). No additional evidentiary proceedings are required. *High v. Head*, 209 F.3d 1257, 1263 (11th Cir. 2000)(citing *McCleskey v. Zant*, 499 U.S. 467, 494 (1991)), *cert. denied*, 532 U.S. 909 (2001).

### <u>ONE-YEAR LIMITATION PERIOD</u>

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter AEDPA). This law amended 28 U.S.C. §2244 by adding the following new subsection:

> (d)(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgement of a State court. The limitation period shall run from the latest of --
>
>> (A)   the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
>>
>> (C)   the date on which the constitutional right asserted was initially

7

> recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §2244(d)(1).

Petitioner's convictions and sentences became final on July 26, 2004, which was 90 days after his judgments and sentences were affirmed on direct appeal. *Clay v. United States*, 123 S.Ct. 1072 (2003)  Petitioner had one year to file his federal petition in this Court, unless any periods of time may be excluded from the one-year limitation period pursuant to 28 U.S.C. section 2244(d)(2). Under section 2244(d)(2), the one-year period could be tolled during the pendency of a properly filed state post conviction proceeding. By the time Petitioner filed his first rule 3.850 motion on April 27, 2006, his one year period had already expired. It is the Respondent's position that the instant federal habeas petition is untimely under AEDPA and is therefore subject to dismissal under the time limitation of section 2244(d)(1).

8

## THE INSTANT PETITION SHOULD BE DISMISSED BECAUSE IT IS UNTIMELY.

Respondents request that the instant petition for writ of habeas corpus be dismissed with prejudice because the petition was untimely filed as argued above. Dismissal is appropriate when it plainly appears from the face of the petition that Petitioner is entitled to no relief. 28 U.S.C. §2254.

Once the AEDPA's statute of limitations is triggered, the limitations period can be tolled in two ways: through statutory tolling or equitable tolling. *Brown v. Barrow*, 512 F. 3d 1304 (11th Cir. 2008); 28 U.S.C. §2244(d)(2). The doctrine of equitable tolling applies when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence. *Knight v. Schofield*, 292 F.3d 709, 711 (11th Cir. 2002). Equitable tolling is an extraordinary remedy which is typically applied sparingly. *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000). To satisfy the extraordinary circumstances prong, a defendant must show a causal connection between the alleged extraordinary circumstances and the late filing of the petition. *San Martin v. McNeil*, 2011 WL 620990 (11th Cir. Feb. 23, 2011). An inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence. *Akins*

*v. United States*, 204 F.3d 1086, 1089-90 (11th Cir. 2000).

Petitioner alleges that the AEDPA's time limitation does not apply to him because he is actually innocent. As part of this actual innocence claim, Petitioner argues newly discovered evidence of research and studies which demonstrate that Shaken Baby Syndrome is no longer a valid or scientifically/medically accepted theory. Respondents disagree.

The AEDPA gave Petitioner one year to file his federal habeas petition from the date his judgment became final, which Respondents contend is July 26, 2004, as argued above. If the petition alleges newly discovered evidence, the filing deadline is one year from "the date on which the factual predicate of the claim....could have been discovered through...due diligence." 28 U.S.C. §2244(d)(1)(D). It is quite clear that Petitioner was well aware of Dr. Buttram's theory regarding an adverse reaction to a childhood vaccine for being mis-diagnosed as Shaken Baby Syndrome dating back to April 27, 2006, when he filed his rule 3.850 motion. Claims one and two of his state postconviction motion filed on April 27, 2006, specifically addressed both "newly discovered evidence" based on Buttram's findings and ineffective assistance of counsel for failure to investigate and advise on the defense that the vaccine could have caused the internal injuries commonly ruled to have occurred from child

abuse.   (App. N) Petitioner again presented the same claim in terms of a due process violation, again based on newly discovered evidence and ineffective assistance of counsel for failure to investigate and this time the additional claim of actual innocence in his second rule 3.850 motion filed on January 5, 2011.   (App. W) This is significant because it impacts his claim of proving actual innocence.   The instant petition was not filed until January 13, 2014, some nine and a half years after his conviction became final and just under eight years after he first claimed newly discovered evidence in his first rule 3.850.   At the very latest, Petitioner admitted that he became fully aware of all the underlying facts that support the instant claims when he received a pathologist report on September 27, 2010.   (App. X5) Even if this Court uses the September 27, 2010, date as the starting point for his newly discovered evidence claim, he still waited over three and a half years before filing the instant petition on January 13, 2014. Petitioner's argument would be much more credible had he filed the instant petition by September 26, 2011.   Petitioner exercised no due diligence.

In *McQuiggin v. Perkins*, _U.S._, 133 S.Ct. 1924, 185 L.Ed.2d 1019 (2013), the United States Supreme Court held that a federal habeas court, faced with an actual innocence gateway claim,

should count unjustifiable delay on a habeas petitioner's part, not as an absolute barrier to relief, but as a factor in determining whether actual innocence has been reliably shown. A petitioner "does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995).

There are several factors in the instant case which do not support Petitioner's actual innocence claim.  First, it should be considered that Petitioner did not have a trial, but instead entered a plea to second degree murder, specifically giving up his right to appeal the question of whether he committed the crime.  (App. I7) Second, defense counsel stated at sentencing that they did not dispute what occurred, only whether it was an intentional act.  (App. J29) Third, Shaken Baby Syndrome was not the only cause of death found by the medical examiner.   There were not only the internal injuries to support the finding of SBS, but also many external injuries in varying states of healing which indicated an on-going pattern of abuse.   The medical examiner made a finding of  Battered Child Syndrome due to the bruising and abrasions which were both recent and several days old.  (App. J27-28) The State read the medical examiner's

report into evidence at sentencing.  The report found evidence of multiple abusive injuries over varying periods of time. (App. J26) There were bite marks on the baby's cheeks and elbow, scabbed abrasions on the nose, ears, legs and back, bruising on the gums and lips,  and also a linear area of recent bruising over the buttocks consistent with some type of blunt trauma. (App. J26-27)

In addition to the medical examiner's report, the child's mother testified at sentencing that she had previously witnessed Petitioner restrain the baby's hands by taping them to his car-seat so that the baby would not pull out a chest tube. (App. J20-21)  She had also witnessed Petitioner crush a puppy's skull with a hammer and state, "If your boy don't straighten up and start getting healthy and strong, I'll do his ass too."  (App. J21)

Based on the above, Petitioner's actual innocence claim is not supported by the totality of the circumstances.  He has not presented new evidence that shows it more likely than not that no reasonable juror would have convicted him.  *Gore v. Crews*, 720 F.3d 811 (11th Cir. 2013).  He did not exercise due diligence once he discovered the claims.  Actual innocence has not been reliably shown pursuant to *McQuiggin, supra*, and Petitioner is not entitled to equitable tolling of the AEDPA statute of

limitations period.

Petitioner has failed to carry his burden in the instant case and has demonstrated no causal connection between the "extraordinary circumstances" and the late filing of the petition.  He is entitled to no relief.


### CONCLUSION

WHEREFORE, based upon the above arguments and authorities, Respondents respectfully request this court to grant summary judgment and dismiss the petition for writ of habeas corpus with prejudice and/or to deny the petition in all respects.

Respectfully submitted,

PAMELA JO BONDI
ATTORNEY GENERAL


s/ Robin A. Compton
ROBIN A. COMPTON
ASSISTANT ATTORNEY GENERAL
Fla. Bar #846864
444 Seabreeze Boulevard
Fifth Floor
Daytona Beach, FL  32118
(386) 238-4990
(386) 238-4997-FAX

COUNSEL FOR RESPONDENTS

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 27, 2014, I electronically filed the foregoing Response with the Clerk of the Court by using the CM/ECF system.  I further certify that I furnished a copy of the foregoing document and notice of electronic filing via email to: Michael Ufferman, Michael Ufferman Law Firm, 2022-1 Raymond Diehl Road, Tallahassee, FL, 32308, this 27th day of May, 2014.

s/ Robin A. Compton
Robin A. Compton
Assistant Attorney General

15

INDEX TO APPENDIX

INDICTMENT . . . . . . . . . . . . . . . . . . . . . . . . A

NOTICE OF STATE'S INTENT TO SEEK DEATH PENALTY . . . . . . . . B

MOTION FOR APPOINTMENT OF PATHOLOGIST/PEDIATRICIAN EXPERT . . . . C

ORDER GRANTING DEFENSE MOTION FOR EXPERT . . . . . . . . . . D

NOTICE OF INTENT TO RELY ON COLLATERAL CRIME EVIDENCE . . . . . E

NOTIFICATION OF PSI . . . . . . . . . . . . . . . . . . . . F

JUDGMENT AND SENTENCE . . . . . . . . . . . . . . . . . . . G

NOTICE OF APPEAL . . . . . . . . . . . . . . . . . . . . . H

PLEA COLLOQUY TRANSCRIPT 8/8/03 . . . . . . . . . . . . . . I

SENTENCING TRANSCRIPT 10/10/03 . . . . . . . . . . . . . . . J

INITIAL BRIEF . . . . . . . . . . . . . . . . . . . . . . K

FIFTH DCA DECISION . . . . . . . . . . . . . . . . . . . . L

FIFTH DCA MANDATE . . . . . . . . . . . . . . . . . . . . M

RULE 3.850 MOTION FOR POSTCONVICTION RELIEF . . . . . . . . . N

ORDER ON MOTION FOR POSTCONVICTION RELIEF . . . . . . . . . . O

NOTICE OF APPEAL . . . . . . . . . . . . . . . . . . . . . P

INITIAL BRIEF . . . . . . . . . . . . . . . . . . . . . . Q

STATE'S NOTICE . . . . . . . . . . . . . . . . . . . . . . R

FIFTH DCA DECISION . . . . . . . . . . . . . . . . . . . . S

MOTION FOR REHEARING . . . . . . . . . . . . . . . . . . . T

ORDER DENYING REHEARING . . . . . . . . . . . . . . . . . . U

FIFTH DCA MANDATE . . . . . . . . . . . . . . . . . . . . V

SECOND RULE 3.850 MOTION FOR POSTCONVICTION RELIEF . . . . . . W

MEMORANDUM OF SUPPORTING FACTS . . . . . . . . . . . . . . . X

MEMORANDUM OF LAW . . . . . . . . . . . . . . . . . . . . . Y

MASTER EXHIBIT A INDEX . . . . . . . . . . . . . . . . . . Z

MASTER EXHIBIT B INDEX . . . . . . . . . . . . . . . . . . AA

ORDER ON MOTION FOR POSTCONVICTION RELIEF . . . . . . . . . BB

MOTION FOR REHEARING . . . . . . . . . . . . . . . . . . . CC

ORDER DENYING REHEARING . . . . . . . . . . . . . . . . . . DD

NOTICE OF APPEAL . . . . . . . . . . . . . . . . . . . . . EE

INITIAL BRIEF . . . . . . . . . . . . . . . . . . . . . . . FF

STATE'S RESPONSE . . . . . . . . . . . . . . . . . . . . . GG

FIFTH DCA DECISION . . . . . . . . . . . . . . . . . . . . HH

FIFTH DCA MANDATE . . . . . . . . . . . . . . . . . . . . . II